**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **JACK SULLIVAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **NO. 26-40012-MRG** |
| | ) | |
| **CARMEN PACHECO, et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER**
**August 6, 2026**

**GUZMAN, D.J.**

On January 22, 2026, a *pro se* litigant proceeding under the name "Jack Sullivan" filed a one-page civil complaint and a motion for leave to proceed *in forma pauperis*.  ECF Nos. 1-2. At that time, the case was randomly assigned, *see* ECF No. 2, and a copy of the docket sheet was mailed to Sullivan.  On February 25, 2026, the envelope with the Court's docket sheet that was sent to Plaintiff on January 22, 2026, was returned as undeliverable.  Doc. No. 4.  The envelope of the returned mail states "no such number" and "unable to forward" indicating that the envelope was unable to be forwarded and undeliverable to Sullivan at the address he provided to the Court.  *Id.*

The Court's Local Rules require a litigant to inform the clerk of any change of address. *See* District of Massachusetts Local Rule 83.5.5(h) (requiring pro se litigants to inform the clerk of any change of address within fourteen days of the change).  A search of the federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that during the month of January 2026, more than thirty federal district courts docketed the same Complaint filed by the

1

same Plaintiff against the same Defendants.  *See* ECF No. 3, *Sullivan v. Jimenez, et al.*, No. 26-cv-00070-SM-TSM (D.N.H. Feb. 9, 2026) (referencing identical cases).

Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Those powers include the power to dismiss cases for failure to prosecute, *see Link*, 370 U.S. at 629; as well as the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307–08 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985).  "[I]n legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'"  *Axcella Building Realty Trust v. Thompson*, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  Here, the Complaint is identical to those pleadings other courts have deemed to be frivolous.  *See* ECF No. 3 at 3, *Sullivan v. Jimenez, et al.*, No. 26-cv-00070-SM-TSM (D.N.H. Feb. 9, 2026).

Given no current address for Sullivan required by Local Rule 83.5.5(h) and finding that the complaint lacks an arguable basis either in law or fact, the Court DISMISSES this case in its entirety.  The Clerk shall enter a separate order of dismissal.

**So Ordered.**

 /s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

Dated:  August 6, 2026

2